23-11-19, Gerding v. Lundgren Good morning, Your Honor. I'm Alexander Gerding, appearing pro se in a dog sports competition case. May it please the Court. The main issue in this case is that there was an arbitration agreement in my registration, and the Court did not basically consider this agreement and mooted it during the dismissal phase. There was never a rule on arbitrability, and it also denied Rule 59E, a motion to reconsider, where once again we addressed the concern that the arbitration issue should basically be first before the Court would decide on the merits. This was all during the pre-dismissal stage, and the Court never considered the arbitration. Secondly, there was a substitution of a second party that was wrongly applied, or erroneous, I believe, since there was a false declaration on record, and the Court basically overnight substituted one party for the other, which eventually prejudices the outcome of the ruling, that a second party that shouldn't be there was now my opponent. And thirdly, there was a 622-day delay on my 59E motion, where I had to wait basically two years to get the final ruling on my case. I was able to retrieve the original registration for the dog, and it did show that there was an arbitration agreement in the record. So my appeal basically concerns the sequence that had been applied by the District Court. There should have been first the arbitration issue had to be evaluated first, and then there could have been a ruling on the merits. But you did file the motion to compel arbitration much later than the initial complaint, right? I filed the motion for arbitration seven months later than the second amended complaint, and I did so because I wasn't aware that the arbitration even existed. The defendant heavily denied that such arbitration was in the record. They concealed the registration. It was in the contract, right? Yes. And you have the contract? No. I registered online, so I had no hard copy of it. And by going through the case, realizing that there was a dispute about whether there was even a contract that this registration would even be a contract, I did more research on it and found comparable registrations that all had all this arbitration issue in it. And so the defendants themselves denied on a 22 arbitration that I provided as a copy that the previous registration I was under was in 2019, that there was even an arbitration clause in it. And so all this made me do more research, and I found, as soon as I found the arbitration existed, I erased it right away. Also, there was no education of waiver by the district court itself. It never educated a waiver, so there was no waiver. I didn't know that there was arbitration available. So Section 1983 prohibits... Excuse me? Section 1983, which you raised, prohibits constitutional violations by state actors. Can you tell me how the organizers of these dog diving competitions are state actors? Yes, Your Honor. So the AKC and DLM Capital, or the previous North American Diving Dogs, they are subsidized by the state. They receive free water, 20,000 gallons an event, and they receive free exhibition spaces by the state. Wherever they exhibit, they go to state fairgrounds, and they never pay any rent. So these are subsidized events, and I do believe that that's false under a state actor rule. Okay. Thank you very much, Mr. Gerding. The case is submitted. Thank you.